20685

Ed POORE, Plaintiff-Respondent, v. Sam GERRARD, Joseph G. Wright, III and David Hooper, Appellants, Daniel Rhodes and Fred Brathcar, Defendants-Respondents.

(244 S. E. (2d) 510)

*W. Richard McClellion, Jr.,* Anderson, *for appellants.*

*Anderson, Kenyon & Eppes,* Anderson, *for plaintiff-respondent.*

*J. Calhoun Pruitt of Pruitt & Pruitt,* Anderson, *for defendants-respondents.*

May 15, 1978.

Lewis, Chief Justice.

This controversy is between the appellant, as Supervisor for Anderson County, on the one hand, and respondents, as Members of the Anderson County Council, on the other, relative to their respective powers to employ and discharge the County Attorney.

Anderson County adopted the council-supervisor form of government in February 1976 as a result of a referendum held in accordance with Section 4-9-10 of the 1976 Code of Laws. The Anderson County Council subsequently adopted an ordinance which provided that a "county attorney shall be selected on July 1, 1976 and every other year thereafter for a term of two years."

Shortly after the adoption of the foregoing ordinance, the County Council elected J. Calhoun Pruitt, Esquire, as County Attorney, with the Supervisor presiding but not voting. Later, however, with approximately 18 months remaining of the two-year term of Mr. Pruitt, under the above mentioned ordinance, County Council discharged him by a vote of 3 to 2, with the Supervisor again presiding but not voting. The Supervisor then instituted this action to determine where the power resided for the appointment and discharge of the county attorney. The lower court concluded that, under a proper construction of the applicable statutory provisions, the general power to appoint and discharge the county attorney rested with the County Supervisor. We agree and affirm.

Our inquiry involves the construction of certain provisions of the so-called Home Rule legislation adopted by the

General Assembly and now found codified in Section 4-9-10 *et seq.* of the 1976 Code of Laws. This statute provided for alternate forms of county government and in Section 4-9-30 granted certain general powers to county governing bodies in all of the alternate forms. Pertinent here, subsection 7 of Section 4-9-30 granted the general power (7) to develop personnel system policies and procedures for county employees by which all county employees are regulated except those elected directly by the people, and to be responsible for the employment and discharge of county personnel in those county departments in which the employment authority is vested in the county government but this authority shall not extend to any personnel employed in departments or agencies under the direction of an elected official or an official appointed by an authority outside county government. Any employee discharged by the administrator, elected official or designated department head shall be granted a public hearing.

The powers, organization and structure of the council-supervisor form of county government, under which Anderson County operates, are set forth in Article 5, of the so-called Home Rule Act, Section 4-9-410 *et seq.* of the 1976 Code of Laws. Section 4-9-410 provides that the supervisor, who is elected at large from the county in the general election, "shall serve as chairman [of the county council] and vote only to break tie votes." The powers and duties of the county supervisor are further set forth in Section 4-9-420 and includes the authority as set forth in subsection (12) :

(12) to be responsible for employment and discharge of personnel subject to the provisions of subsection (7) of Section 4-9-30 [quoted above in this opinion] and subject to the appropriation of funds by the council for that purpose.

Section 4-9-430 states, with reference to personnel employed by the county supervisor that

The council shall not remove any county administrative officers or employees whom the county supervisor or any of

his subordinates are empowered to appoint, unless by a two-thirds vote of the members present and voting.

We think that the statutory scheme evidenced by the foregoing sections is that, under Section 4-9-30(7), county council has the duty and responsibility to provide for personnel to operate the county functions over which it is granted control and to appropriate funds for the employment of such personnel. Section 4-9-420(12), dealing specifically with the county supervisor form of government, makes the county supervisor "responsible for the employment and discharge of personnel subject to the provisions of subsection 7 of Section 4-9-30" and for which council has appropriated funds, *i. e.,* county council is empowered to create and fund positions for the operation of county government, but personnel to fill such positions shall be appointed by the county supervisor. This conclusion is reenforced by further provisions of Section 4-9-430 which provide that

Except for the purposes of inquiries and official investigations, neither the council nor its members shall give direct orders to any county officer or employee, either publicly or privately.

Respondent correctly points out that the provisions of Section 4-9-420(12) grants the general power to the county supervisor to employ and discharge county personnel coming within the jurisdiction of county council, but such power to employ personnel is limited, first, by the existence of a position to fill and, second, by the appropriation of funds with which to pay the employee.

It is undisputed that the position of county attorney is a position created by county council and that the creation of such position was within its powers under Section 4-9-30(7).

It, therefore, follows that the county supervisor of Anderson County has the authority to employ a county attorney pursuant to Section 4-9-420(12). While the supervisor has the power to discharge the county attorney under this sec-

tion, county council may also discharge the county attorney by a two-thirds vote. Section 4-9-430, *supra*. The record shows that the attempt here to discharge was not by two-thirds vote and therefore ineffective.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.